UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| BUCKINGHAM OIL INTERESTS, INC. | ) |
|  | ) Case No.: 15-13441 (JNF) |
|  | ) |
| Debtor. | ) |
|  | ) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING THE CHAPTER 11 TRUSTEE'S PREPARATION
OF THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS**

Charles A. Dale III, the duly appointed Chapter 11 trustee for the bankruptcy estate of the above-captioned debtor (the "Chapter 11 Trustee"), with the assistance of his counsel and other professionals, has prepared the schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements") of the above-captioned debtor (the "Debtor") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Chapter 11 Trustee's Preparation of the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.[1]

On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court"). On the Petition Date, the United States Trustee (the "U.S. Trustee") moved, with the assent of the Debtor, for an order directing the appointment of a Chapter 11 trustee. [Docket No. 2]. On September 1, 2015, the Court entered an order authorizing the United States Trustee to appoint a Chapter 11 trustee to conduct the Debtor's business. [Docket No. 4]. On September 1, 2015, the U.S. Trustee filed the *Application for and Certificate of Appointment of Chapter 11 Trustee*, requesting the Court's approval of the appointment of Charles A. Dale III as Chapter 11 Trustee (the "Certificate of

---

[1] These Global Notes are in addition to any specific notes contained in the Schedules and Statements. The fact that the Chapter 11 Trustee has prepared a Global Note with respect to a particular Schedule or Statement and not to others does not reflect, and should not be interpreted as, a decision by the Chapter 11 Trustee to exclude the applicability of such Global Note to any or all of the Debtor's remaining Schedules or Statements, as appropriate.

Appointment"). [Docket No. 5]. On September 15, 2015, the Court entered an order approving the appointment of the Chapter 11 Trustee. [Docket No. 19].

The Chapter 11 Trustee had no involvement in the Debtor's affairs prior to the bankruptcy filing. Further, Darryl Buckingham, the sole individual responsible for managing the Debtor's pre-bankruptcy operations, died shortly before the Petition Date. Thus, in many instances, the Chapter 11 Trustee has had to recreate the information needed for these Schedules and Statements based on, among other things, the company's books and records, prior tax returns, public land files, and information provided by the Debtors' employees. As a result, he cannot fully attest to their accuracy, authenticity, or completeness.

While the Chapter 11 Trustee has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to him at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist in the Schedules and Statements. Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are wholly accurate and complete.

Neither the Chapter 11 Trustee, nor his counsel and other professionals, can guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, nor are they liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Chapter 11 Trustee, and his counsel and other professionals, expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Chapter 11 Trustee or his counsel or other professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Chapter 11 Trustee or his counsel and other professionals are advised of the possibility of such damages.

Nothing contained in the Schedules and/or Statements shall constitute a waiver of any right of the Chapter 11 Trustee, and specifically the Chapter 11 Trustee's right to amend these Schedules and Statements and any right with respect to any issues relating to claim classification, substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.

## Global Notes for the Schedules and Statements

1. **Basis of Presentation**. The Schedules and Statements reflect the assets and liabilities of the Debtor based on its unaudited accounting records. The aggregate asset values and claim amounts set forth in these Schedules and Statements do not purport to represent financial

statements prepared in accordance with the Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to any financial statements prepared by the Debtor. All asset and liability data contained in the Schedules and Statements are stated in United States currency as of September 1, 2015, except as otherwise stated in these Global Notes or footnotes to these Schedules and Statements. In some instances, the Chapter 11 Trustee has used estimated amounts where actual data as of September 1, 2015 was not available. The preparation of the Schedules and Statements requires the Chapter 11 Trustee to make assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period.

2. **Confidentiality**. There may be instances in the Schedules and Statements where the Chapter 11 Trustee deemed it necessary and appropriate to redact or otherwise alter from the public record information such as names, addresses, or amounts. Typically, the Chapter 11 Trustee has used this approach because of concerns of confidentiality, concerns for the privacy of an individual, or the commercially sensitive nature of the information. The alterations were limited to only what was necessary to protect the Debtor or third party and will still provide interested parties with sufficient information to discern the nature of the listing.

3. **Summary of Significant Reporting Policies**. The following conventions were adopted by the Chapter 11 Trustee in the preparation of the Schedules and Statements:

    a.    Reporting Date. The Schedules and Statements are prepared as of September 1, 2015 (the "Reporting Date"), except as otherwise stated in these Global Notes or footnotes to these Schedules and Statements. In some instances, the Chapter 11 Trustee has used estimates where actual data as of the Reporting Date was not available. In certain circumstances, the Chapter 11 Trustee has not included the date claims were incurred as such information is not readily available and it would be prohibitively expensive and burdensome to determine such dates.

    b.    Current Market Value of Assets. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Chapter 11 Trustee to obtain current market valuations of all of the Debtor's assets. Accordingly, unless otherwise indicated, net book values for assets as of the Reporting Date are reflected in the Schedules and Statements. For this reason, amounts ultimately realized may vary from net book value and such variance may be material.

    c.    Allocation of Assets and Liabilities. The Chapter 11 Trustee has sought to allocate liabilities between the prepetition and postpetition periods based on the information from research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

    d.    Excluded Assets. The Chapter 11 Trustee has excluded certain assets from the Schedules and Statements, including, but not limited to, goodwill, tax loss carry- forwards, and assets with a net book value of zero. Additionally, immaterial assets and liabilities may not have been included in the Schedules and Statements.

  e. <u>Contingent Assets</u>.  As discussed further below, the Chapter 11 Trustee believes that the Debtor may possess certain contingent claims, causes of action, or avoidance actions against various third parties.  Despite his reasonable efforts, the Chapter 11 Trustee may not have set forth all of the Debtor's causes of action against third parties as assets in the Schedules and Statements.  The Chapter 11 Trustee reserves all of his rights with respect to any claims, causes of action, or avoidance actions he may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

4. **Classifications**.  Listing an asset on Schedule A as "real property" or listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (d) on Schedule F as "unsecured nonpriority," or (e) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Chapter 11 Trustee of the legal rights of the claimant, or a waiver of the Chapter 11 Trustee's right to recharacterize or reclassify such assert, claim, or contract.  In particular, the Chapter 11 Trustee reserves the right to amend the Schedules and Statements to recharacterize or reclassify any such asset, claim, or contract.

5. **Disputed, Contingent and/or Unliquidated Claims**.  Schedules D, E, and F permit the Chapter 11 Trustee to designate a claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Chapter 11 Trustee that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Chapter 11 Trustee reserves the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability, or classification or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of liability by the Chapter 11 Trustee.

6. **Unknown Amounts**.  Some of the scheduled liabilities are unknown and unliquidated at this time.  In such, cases the amounts are listed as "Unknown."  Accordingly, the Schedules and Statements do not accurately reflect the aggregate amount of the Debtor's liabilities.

7. **Guarantees and Other Secondary Liability Claims**.  The Chapter 11 Trustee has used his best efforts to locate and identify guaranties and other secondary liability claims (collectively, "<u>Guaranties</u>") in the Debtor's executory contracts, unexpired leases, secured financings, and other such agreements.  Where such Guaranties have been identified, they have been included in the Schedules and Statements.  The Chapter 11 Trustee reserves the right to amend the Schedules to the extent that additional Guaranties are identified.  In addition, the Chapter 11 Trustee reserves the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

8. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9. **Insiders**. In the circumstances where the Schedules or Statements require information regarding insiders and/or officers and directors, included therein are the Debtor's (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims and defenses are hereby expressly reserved. Further, given the specifics of this Chapter 11 Case, the Chapter 11 Trustee elected to include certain relatives of Darryl Buckingham as though they were insiders of the Debtor.

10. **Amendments**. The Chapter 11 Trustee reserves the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission.

11. **Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtor's Schedules

1. **Schedule A**. The Chapter 11 Trustee may have listed certain assets as real property when such assets are in fact personal property, or the he may have listed certain assets as personal property when such assets are in fact real property. The Chapter 11 Trustee reserves all of his rights to reclassify such asset holdings to the extent the Chapter 11 Trustee determines that such holdings were improperly listed.

Further, the Chapter 11 Trustee has listed the Debtor's interests in certain prospects and wells on Schedule A. Certain oil and gas interests of the Debtor may be subject to other interests, including but not limited to overriding royalty interests and claims by investors.

2. **Schedule B**. Based on the Chapter 11 Trustee's initial review, he believes that the estate may include accounts receivable of Buckingham Exploration, LLC. As a result, the accounts receivable disclosed in Schedule B16 are inclusive of the accounts receivable of both the Debtor and Buckingham Exploration, LLC.

With respect to any accounts receivable that may be due and owning between the Debtor and its affiliates, any such amounts are not listed on Schedule B16

Additionally, the Debtor may be a party to pending litigation in which the Debtor has asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because any such litigation or claims are presently unknown to the Chapter 11 Trustee and are not quantifiable as of the Petition Date, they are not listed on Schedule B21.

Further, in regards to Schedule B21, which asks for "other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to set off

claims," the Chapter 11 Trustee is still investigating the Debtor's pre-petition affairs and transactions, but believes the bankruptcy estate may have contingent and unliquidated claims and causes of action against: (i) the probate estate of Darryl Buckingham and certain of Mr. Buckingham's relatives; (ii) certain individuals who were business associates of Mr. Buckingham; (iii) certain investors who did not actually fund their purported investment in the Debtor; and (iv) certain operators or partners who have withheld payments from the Debtor.

3. **Schedule D**. The amount scheduled as being owed to First Financial Bank, N.A. is the amount asserted by First Financial Bank, N.A. The Chapter 11 Trustee has not yet reconciled such figure. Further, the collateral for such loan is listed in summary fashion. Reference to the applicable loan agreements, related documents, and land records is necessary for a complete description of the collateral and the nature, extent, and priority of the liens associated therewith. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Nothing herein shall be construed as an admission by the Chapter 11 Trustee of the legal rights of First Financial or a waiver of the Chapter 11 Trustee's rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, except as such rights may be limited by any cash collateral or other order of the Court.

Oil and gas operators of prospects in which the Debtor may have an interest may have setoff rights for amounts unpaid for so-called "cash" or "capital" calls. Those claims, to the extent presently known, have been listed on Schedule D. The Chapter 11 Trustee reserves all of his rights to dispute or challenge the secured nature of any such claims.

4. **Schedule E**. The taxing authorities listed on Schedule E are listed for notice purposes only. The Chapter 11 Trustee is not currently aware of any pre-petition amounts owed for unpaid taxes.

5. **Schedule F**. The Chapter 11 Trustee has used best reasonable efforts to report all general unsecured claims against the Debtor on Schedule F based upon the Debtor's existing books and records as of the Petition Date. The claims of individual creditors for, among other things, products, goods, or services are listed by the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Chapter 11 Trustee reserves all of his rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.

Investors in Buckingham Oil Interests, Inc. and Buckingham Exploration, LLC may have rescission or other claims on account of the money they invested in the Debtor or Buckingham Exploration. Those claims have been listed on Schedule F.

6. **Schedule G**. Although diligent efforts have been made to ensure the accuracy of Schedule G, inadvertent omissions may have occurred, as the Chapter 11 Trustee only uncovered a limited number of contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Chapter 11 Trustee hereby reserves all of his rights to dispute the validity, status, or enforceability of any

contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Likewise, omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Chapter 11 Trustee's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the contracts and agreements listed on Schedule G may consist of several parts that may not be listed on Schedule G or that may be listed as a single entry. The Chapter 11 Trustee expressly reserves his right to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein.

The Chapter 11 Trustee reserves all of his rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

* * *

**\* \* \* END OF GLOBAL NOTES \* \* \***

**\* \* \* SCHEDULES AND STATEMENTS BEGIN ON THE FOLLOWING PAGE \* \* \***